IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DOCK WATTS, JR., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:13-CV-00866-RWS |
| JPMORGAN CHASE BANK, : | |
| NATIONAL ASSOCIATION, and : | |
| DOES 1-100, Inclusive, : | |
| : | |
| Defendants. : | |

**ORDER**

This case comes before the Court on Defendant JPMorgan Chase's ("Chase") Motion to Dismiss Plaintiff's Complaint [2]. After reviewing the record, the Court enters the following Order.

**Background[1]**

This case arises out of foreclosure proceedings on real property located at 8199 Dunellen Lane, Jonesboro, Georgia, 30238 ("the Property"). (Chase's Mot. to Dismiss, Ex. A (Security Deed), Dkt. [2-2] at 4 of 21.)[2] In August of

---

[1] As the case is before the Court on a motion to dismiss, the facts alleged in the Complaint are taken as true. Cooper v. Pate, 378 U.S. 546, 546 (1964).

[2] The Court may take judicial notice of public records not attached to the Complaint, including in this case the Security Deed filed in the Superior Court of

2002, Plaintiff entered into a mortgage transaction with Pine State Mortgage Corporation ("Pine State").[3] (Compl., Dkt. [1-1] ¶ 25.) Plaintiff executed a promissory note and security deed in favor of Pine State, naming Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee for Pine State and its successors and assigns. (Chase's Mot. to Dismiss, Ex. A (Security Deed), Dkt. [2-2] at 4 of 21.) On November 24, 2010, MERS assigned and transferred its rights, title, and interest in the Security Deed, the Property, and the indebtedness secured thereby to Defendant Chase. (Chase's Mot. to Dismiss, Ex. B (Assignment), Dkt. [2-3] at 2 of 2.) Chase subequently initiated non-judicial foreclosure proceedings against Plaintiff; however, no foreclosure sale has yet taken place. (See generally Compl., Dkt. [1-1]; Chase's Mem. in Supp. of Def.'s Mot. to Dismiss ("Chase's Mem."), Dkt. [2-1] at 3 of 27.) Plaintiff

---

Clayton County, when considering a motion to dismiss. Byrant v. Avado Brands, Inc., 187 F.3d 1271, 1280 (11th Cir. 1998). This does not convert the motion into one for summary judgment. Universal Express, Inc. v. S.E.C., 177 F. App'x 52, 53 (11th Cir. 2006) ("A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment. . . . Public records are among the permissible facts that a district court may consider.") (citations omitted).

[3] Plaintiff states in his complaint that he obtained a mortgage from "Pine Street Mortgage." (Compl., Dkt. [1-1] ¶ 25.) This appears to be a typo, as the Security Deed signed by Plaintiff in order to secure his loan names Pine State Mortgage Corporation as the lender. (Chase's Mot. to Dismiss, Ex. A (Security Deed), Dkt. [2-2] at 3 of 21.)

2

states that after making timely mortgage payments from 2002 through March 2010, Plaintiff was forced to retire by his employer and suffered a significant reduction in income. (Compl., Dkt. [1-1] ¶ 26.) Plaintiff alleges that he immediately contacted Chase to request assistance in the form of a loan modification because, as a result of his reduction in income, he could no longer afford the monthly payments. (Id.) Plaintiff alleges that he was induced to fall into arrears on his mortgage payments by statements made to him by agents of Chase, in substance allegedly stating that in order to qualify for a loan modification under the Home Affordable Modification Program ("HAMP") Plaintiff must be at least two months in arrears. (Id.) Plaintiff did in fact fall behind on his payments in March of 2010, and alleges that from May through November of 2010 he was continually assured by agents of Chase that "'help was on the way' and that a Trial Period Plan would be offered to prevent foreclosure." (Id. ¶¶ 25-26). Plaintiff alleges that he was repeatedly assured that his modification requests were complete and without need of supplemental documentation and that his request was being processed. (Id. ¶¶ 27-28.) Plaintiff further alleges that despite these reassurances, he was required to submit three more complete and separate loan modification applications upon

the requests of Chase's agents between July of 2011 and September of 2012. (Id. ¶¶ 29-31.) Plaintiff alleges that he never received any sort of decision on his modification request from Chase, and that as a result he has accumulated three years of arrearage because of his reliance on the statements made to him by Chase's agents. (Id. ¶ 31-32.)

Plaintiff initiated this proceeding by filing the instant Complaint in the Superior Court of Clayton County on February 15, 2013. (Id. at 2 of 23.) On March 19, 2013, Chase removed the case to this Court based on diversity jurisdiction. Plaintiff asserts claims for constructive fraud, promissory estoppel, negligence, negligent misrepresentation, and appears to seek an order quieting title to the Property. (Id. ¶¶ 35-39, 41-44, 47-51, 53-54, 57.)

Chase now moves to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). The Court considers Chase's Motion to Dismiss as to each of these claims.

## Discussion

**I.    Legal Standard**

When considering a Rule 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v.

Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted).  However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

     The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 550 U.S. at 561 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 556.  The plausibility standard "does not[, however] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]."  Id.

5

AO 72A
(Rev.8/82)

**II.    Analysis[4]**

    A.    <u>Constructive Fraud and Negligent Misrepresentation Claims</u>

Plaintiff is asserting a claim of constructive fraud against Chase based primarily on the allegations that agents of Chase intentionally deceived Plaintiff by allegedly promising him he would not lose his home to foreclosure, and by repeatedly telling him his loan modification application was under review when, in fact, it was not. (Compl., Dkt. [1-1] ¶ 37.) The Court agrees with Chase that Plaintiff has failed to plead the facts of his constructive fraud claim with the particularity required both by Rule 9(b) and by O.C.G.A. § 9-11-9(b). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "[U]nder O.C.G.A. § 9-11-9(b), allegations of fraud must be pled with particularity. It is well settled that a general allegation of fraud amounts to nothing-it is necessary that the complainant show, by specifications, wherein the fraud consists."

---

[4] To the extent that Plaintiff is attempting to assert any of his state law claims as a private cause of action arising under HAMP, Plaintiff's claims are without merit. See <u>Miller v. Chase Home Fin., LLC</u>, 677 F.3d 1113, 1116 (11th Cir. 2012) ("HAMP [does not] expressly create[] a private right of action for borrowers against loan servicers."). The Court will review each of Plaintiff's substantive claims in light of this fact, and will assume each claim is being brought against Chase irrespective of any alleged violation of HAMP.

6

Fairfax v. Wells Fargo Bank, N.A., 718 S.E.2d 16, 18 (Ga. Ct. App. 2011) (citation omitted).  After reviewing the Complaint, the Court finds that Plaintiff did not allege the facts and circumstances surrounding the alleged instances of fraud with sufficient particularity in his Complaint to satisfy Rule 9(b) or O.C.G.A. § 9-11-9(b).  To the extent that Chase's Motion to Dismiss covers Plaintiff's claim for constructive fraud, Chase's Motion is due to be **GRANTED**.

Additionally, the Court agrees with Chase that Plaintiff has failed to plead the facts and circumstances surrounding the alleged negligent misrepresentation with sufficient particularity as required by Rule 9(b) and O.C.G.A. § 9-11-9(b).  "[T]he same principles apply to both fraud and negligent misrepresentation cases and [] the only real distinction between negligent misrepresentation and fraud is the absence of the element of knowledge of the falsity of the information disclosed."  Holmes v. Grubman, 691 S.E.2d 196, 200 (Ga. 2010) (internal quotations and citations omitted).  Plaintiff's claims for both constructive fraud and negligent misrepresentation arise out of the same alleged conversations and statements made to him by Chase's agents.  (Compl., Dkt. [1-1] ¶¶ 37, 53.)  Plaintiff has failed to plead the facts and circumstances of

the alleged fraud with sufficient particularity to satisfy Rule 9(b) and O.C.G.A. § 9-11-9(b), so therefore Plaintiff has also failed to plead the facts and circumstances of the alleged negligent misrepresentation with sufficient particularity to satisfy Rule 9(b) and O.C.G.A. § 9-11-9(b).  Accordingly, to the extent Chase's Motion to Dismiss covers Plaintiff's negligent misrepresentation claim, Chase's Motion is due to be **GRANTED**.

      B.     Promissory Estoppel Claim

As stated above, Plaintiff is asserting a claim against Chase in equity under the doctrine of promissory estoppel.  "To prevail on a promissory estoppel claim, a plaintiff must demonstrate that (1) the defendant made certain promises, (2) the defendant should have expected that the plaintiff would rely on such promises, and (3) the plaintiff did in fact rely on such promises to his detriment."  Doll v. Grand Union Co., 925 F.2d 1363, 1371 (11th Cir. 1991) (citing O.C.G.A. § 13-3-44(a)).  Plaintiff's promissory estoppel claim relies on the allegations that Chase stated "because Plaintiff was not in arrears no assistance would be granted[,]", and that Chase "instructed" Plaintiff to fall into arrears.  (Compl., Dkt. [1-1] ¶ 26.)  From the face of the Complaint, Plaintiff in fact only alleges that Chase "instructed Plaintiff to request assistance when at

8

least two mortgage payments behind." (Id. (emphasis added).) On its face, this statement does not allege a promise by Chase to do anything, and thus does not satisfy the first element of promissory estoppel under Georgia law. Assuming, arguendo, that this alleged statement by Chase's agent was a promise either to consider Plaintiff for a loan modification or to in fact modify Plaintiff's loan, Plaintiff's claim still fails. Under Georgia law, a promise to consider doing something is illusory, and thus unenforceable. See McGowan v. Homeward Residential, Inc., 500 F. App'x 882, 885 (11th Cir. 2012) (stating that an alleged promise to consider the plaintiff for a loan modification is illusory, and "[t]hose types of promises cannot support a claim for promissory estoppel under Georgia law.") (citation omitted); see also Miller v. Chase Home Fin., LLC, 677 F.3d 1113, 1117 (11th Cir. 2012) (denying a promissory estoppel claim because Plaintiff "did not set forth any factual allegations that Chase promised to . . . modify the loan.") In this case, Plaintiff has failed to plead facts showing any promise by Chase to modify his loan.

Alternatively, to the extent Plaintiff's promissory estoppel claim relies on the alleged promise that "'help is on the way' and [] a Trial Period Plan would be offered to prevent foreclosure[,]" (Compl., Dkt. [1-1] ¶ 26.) Plaintiff's

9

promissory estoppel claim also fails. "[P]romissory estoppel does not apply to vague or indefinite promises, or promises of uncertain duration." Secured Realty & Invs., Inc. v. Bank of N. Ga., 725 S.E.2d 336, 339 (Ga. Ct. App. 2012) (citation omitted). Plaintiff failed to plead any facts in relation to the allegedly promised Trial Period Plan such as term, interest rate, monthly payments and the like. Therefore, to the extent Chase's Motion to Dismiss covers Plaintiff's promissory estoppel claim, Chase's Motion is due to be **GRANTED**.

    C.    Negligence Claim

The Court agrees with Chase that Plaintiff's negligence claim is unfounded based on the facts plead in his Complaint, and therefore, to the extent Chase's Motion to Dismiss covers Plaintiff's negligence claim, Chase's Motion is due to be **GRANTED**.

In order for a plaintiff to recover on a claim of negligence, they must show a duty, a breach of that duty, a causal link between that breach and the injury suffered, and damages. See Johnson v. Am. Nat'l Red Cross, 578 S.E.2d 106, 108 (Ga. 2003) ("It is well established that to recover for injuries caused by another's negligence, a plaintiff must show four elements: a duty, a breach of that duty, causation and damages.") (internal quotations and citations omitted).

10

Plaintiff contends that "[Chase] had a duty to reasonably and in good-faith apply the HAMP criteria to Plaintiff's circumstances and, if the HAMP "standard waterfall" test proved in Plaintiff's favor, [Chase] had a duty to offer Plaintiff a reduced payment . . . ." (Compl., Dkt. [1-1] ¶ 35.) Plaintiff claims that Chase breached that alleged duty of care to him by making statements regarding the forthcoming Trial Period Plan and potentially saving his home from foreclosure but then failing to offer him a loan modification, and moreover by failing to reach a decision on his modification request. (Id. ¶¶ 47-49.) To the extent Plaintiff is alleging Chase breached either a duty of care or a duty to modify the loan under HAMP, Plaintiff's claim is insufficient. See Ceasar v. Wells Fargo Bank, N.A., No. A13A0019, 2013 WL 2501771, at *4 (Ga. Ct. App. June 12, 2013) ("[The defendant] had no duty to modify the [plaintiffs'] loan or Security Deed.  Moreover, [the defendant] owed no duty of care to the [plaintiffs] under [HAMP]."); see also, supra, Note 4 (alleged violations of HAMP cannot give rise to private causes of action.).  In the alternative, to the extent Plaintiff is claiming Chase breached a duty to disclose anything to him beyond what was allegedly disclosed, Plaintiff's claims are similarly insufficient.  "Absent a confidential relationship, no duty to disclose exists

11

between parties engaged in arms-length business transactions. . . . And, the Supreme Court of Georgia and this Court have held that no confidential relationship exists between a bank and its customers or others with whom the bank deals." Lilliston v. Regions Bank, 653 S.E.2d 306, 309 (Ga. Ct. App. 2007) (internal quotations and citations omitted).

Plaintiff contends that Chase, through the actions of its agents, "stepped outside the role of a traditional lender and created a duty of care to Plaintiff." (Compl., Dkt. [1-1] ¶ 47.) Defendant argues that "Plaintiff's allegations concerning loan modification fall squarely within the conventional role of a servicer or financial instution." (Chase's Mem., Dkt. [2-1] at 15 of 27.) The Court agrees with Chase. Even taking the factual allegations in Plaintiff's Complaint as true, neither Chase nor any of its agents made any representations or took any action with regard to Plaintiff and his loan modification that stepped outside the traditional lender-borrower relationship.

### D.     Request for Quiet Title

Plaintiff alleges that based on the foregoing allegations, Chase has "no right, title, lien or interest in [the Property]," and therefore appears to be

12

"seek[ing] an Order of the Court quieting title to [the Property]." (Compl., Dkt. [1-1] ¶ 57.) Under Georgia law, a petitioner seeking quiet title must file along with the petition:

> (1) a plat of survey of the land, (2) a copy of the immediate instrument or instruments, if any, upon which the petitioner's interest is based, and (3) a copy of the immediate instrument or instruments of record or otherwise known to the petitioner, if any, upon which any person might base an interest in the land adverse to the petitioner.

O.C.G.A. § 23-3-62(c). Plaintiff has failed to attach a plat survey of the Property, a copy of the promissory note, security deed, or any other instrument "upon which the petitioner's interest is based[.]" Id. Plaintiff's has failed to include in his Complaint facts and documents that are necessary, material elements in a request for quiet title, and accordingly his request is fatally flawed. Therefore, to the extent Chase's Motion to Dismiss covers Plaintiff's request for Quiet Title, Chase's Motion is due to be **GRANTED**.

## Conclusion

In accordance with the foregoing, Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss [2] is **GRANTED**. The Court notes that Plaintiff has named "Does 1-100, Inclusive" as defendants. Plaintiff may not proceed with

13

AO 72A
(Rev.8/82)

this action against the unidentified John Doe defendants.  See Wayne v. Jarvis, 197 F.3d 1098, 1102-03 (11th Cir. 1999), overruled on other grounds by Manders v. Lee, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003).  Accordingly, the unidentified Defendants are **HEREBY DISMISSED** from this action.  The Clerk is **DIRECTED** to close this action.

**SO ORDERED**, this   17th   day of July, 2013.

_____
**RICHARD W. STORY**
United States District Judge